Dear Mr. Daigle:
Reference is made to your recent request for an opinion of this office on behalf of the Environmental Services Commission of St. Tammany Parish (the "ESC"), a political subdivision of the State created pursuant to La. R.S. 33:4064.1.
According to your letter, the ESC as well as its executive director in his individual capacity, were named as defendants in a civil suit (the "Civil Action") for injunctive relief and damages in connection with an alleged delayed approval of a sewerage project proposed by the plaintiff and alleged wrongful assistance to a utility company attempting to gain approval of a project in the same general area. You have also noted that the District Attorney is investigating matters which may relate to the Civil Action and which may involve the executive director. You further advise that the executive director intends to retain legal counsel to represent him in the civil suit and that the ESC intends to reimburse the executive director for the attorney's fees he incurs in this defense unless the ESC concludes that his actions are found to be criminal, negligent, or the result of willful conduct.
Specifically, you have asked for our opinion as to whether the ESC's executive director is required by La. R.S. 13:5108.1, et seq., La. R.S. 42:261, or any other law, to obtain the approval of the Attorney General of his retention of special counsel to represent him in his individual capacity in the Civil Action. You also ask whether the ESC is required by La. R.S. 13:5108.1, et seq.; La. R.S. 42:261; or any other law, to obtain approval by the Attorney General to reimburse its executive director for attorney's and legal fees incurred in defense of the Civil Action.
Please be advised that it is our opinion that La. R.S. 13:5108.1, et seq., is not be applicable to the retention of legal services by the executive director in his individual capacity, nor is it applicable to the reimbursement of the executive director's legal expenses by the ESC, as those provisions pertain to the legal indemnification of the officials, officers and employees of thestate. Those provisions of law do not pertain to political subdivisions such as the ESC, or to its officials or employees.
La. R.S. 42:261, et seq. does not require the approval of this office either, as those provisions of law pertain to the retention of legal counsel to represent public bodies. It does not apply to the retention of legal counsel by individuals to represent themselves. Although La. R.S. 42:263 does refer to payment of "compensation for legal services" by local governing authorities and boards, it is the opinion of this office that that reference does not require this office to approve the ESC's reimbursement of its executive director's legal expenses, as it is our opinion that 42:263 pertains only to legal services rendered on behalf of the political subdivision itself.
Additionally, please be advised that our research has not revealed any other law which would require the ESC's executive director to obtain the approval of this office prior to retaining special counsel to represent himself in his individual capacity. Similarly, our research revealed no other law which would require the ESC to obtain the Attorney General's approval prior to reimbursing the executive director for legal fees and expenses incurred in the defense of the Civil Action.
This office has had occasion to opine upon the factors political subdivisions must consider in determining whether or not it will reimburse an employee, officer or official for legal expenses incurred in the defense of legal actions. We respectfully suggest that the ESC should consider the factors referred to in the prior opinions of this office in determining whether it can or should reimburse its executive director for his legal expenses. Enclosed please find copies of Atty. Gen. Ops. 97-248, 97-117 and 96-65, which we believe are pertinent thereto.
Trusting the foregoing to be of assistance, we are,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Enclosures
Date Received: November 18, 1997 Date Released:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL
State of Louisiana DEPARTMENT OF JUSTICE CIVIL DIVISION P.O. Box 94005 RICHARD P. IEYOUB BATON ROUGE TEL.: (504) 342-7013 ATTORNEY GENERAL 70804-9005 FAX: (504) 342-2090